In re Rodney B. KRAGNESS and Aileen R. Kragness, dba Kragness Farms, Debtors.

GORDON C. YORK, INC., Trustee and Bowers Distillery, Inc., an Oregon corporation, Plaintiffs,

v.

Rodney B. KRAGNESS and Aileen R. Kragness, husband and wife; Bishop Trust Co., Ltd., as Trustee of the J.L.P. Robinson Trust; Chinn Ho; Herman G.P. Lemke and Mildred Centeio, as Trustees of the Mark Alexander Robinson Testamentary Trust, Defendants.

Bankruptcy No. 683–08423.
Adv. No. 684–6067.

United States Bankruptcy Court,
D. Oregon.

March 26, 1986.

Keith Y. Boyd, McGavic & Boyd, P.C., Eugene, Or., for Gordon C. York, Inc.

Carl R. Neil, Cory Streisinger, Catherine Travis, Lindsay, Hart, Neil & Weigler, Portland, Or., for Bowers Distillery, Inc.

Arlen C. Swearingen, Eugene, Or., Mark Peterman, Gregory R. Mowe, Stoel, Rives,

Boley, Fraser & Wyse, Portland, Or., for Rodney B. & Aileen R. Kragness.

Rodney E. Lewis, Jr., Ragen, Roberts, O'Scannlain, Robertson & Neill, Portland, Or., Frank D. Gibson, Jr., Susan Titus, Hamilton, Gibson, Nickelsen, Rush & Moore, Honolulu, Hawaii, for Bishop Trust Co.

Frank D. Gibson, Jr., Susan Titus, Hamilton, Gibson, Nickelsen, Rush & Moore, Honolulu, Hawaii, for Chinn Ho, Herman G.P. Lemke & Mildred Centeio.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This adversary proceeding was commenced by the trustee and Bowers Distillery, Inc., a creditor, to determine whether various interests of the debtor-defendant, Aileen R. Kragness, arising from two Hawaii testamentary trusts are property of the bankruptcy estate, and if so, to compel the turnover of those funds and assets to the trustee, for the benefit of the estate. The facts which are pertinent to this matter were agreed upon by the parties and set forth in the Pre-Trial Order as follows:

1. Defendants Rodney B. Kragness and Aileen R. Kragness are debtors in this Chapter 7 proceeding. They filed their joint petition for relief under Chapter 7 on December 7, 1983.

2. Plaintiff, Gordon C. York, Inc., is the duly appointed and qualified trustee of the bankruptcy estate of Rodney B. Kragness and Aileen R. Kragness. (Defendants agree to this fact only for the purpose of this adversary proceeding and without admission thereof for any other proceeding.)

3. Prior to June 4, 1984, Aileen R. Kragness was a beneficiary of a testamentary trust known as the J.L.P. Robinson Trust. The J.L.P. Robinson Trust terminated on June 7, 1984. Defendant, Bishop Trust Company, Ltd., was the duly appointed trustee of the J.L.P. Robinson Trust during its existence.

4. Pursuant to the terms of the J.L.P. Robinson Trust, Aileen R. Kragness was entitled to two-fifteenths of the distributable income produced by the trust during its existence. During the 180-day period following the filing of her Chapter 7 petition, Aileen R. Kragness received $51,575.89 from this trust which may constitute income produced by the trust.

5. Pursuant to the terms of the J.L.P. Robinson Trust, Aileen R. Kragness had a two-fifteenths interest in the corpus of that trust upon its termination.

6. Just prior to termination of the J.L.P. Robinson Trust, the trust transferred the real estate assets comprising the trust corpus to a limited partnership known as the J.L.P. Robinson Limited Partnership. Upon termination of the J.L.P. Robinson Trust, 33,333⅓ units of a total of 250,000 units in the limited partnership (a two-fifteenths interest) were distributed to Aileen R. Kragness.

7. Upon termination of the J.L.P. Robinson Trust, a portion of the trust corpus was distributed to the beneficiaries in cash. An additional portion is being or will be distributed in the form of shares of stock.

8. Bishop Trust Co., Ltd. presently holds the property of the J.L.P. Robinson Limited Partnership as trustee, and manages the property for the benefit of the limited partners, including Aileen R. Kragness.

9. The J.L.P. Robinson Trust was established by the Last Will and Testament of J. Lawrence P. Robinson, which was admitted to probate in Hawaii on February 6, 1947.

10. Paragraph 6(g) of this will provides in part as follows:

"I direct that no title or interest in the money or other property composing this trust estate or any income accruing therefrom or thereon shall vest in any beneficiary of this trust during its continuance, nor shall any beneficiary have the power or authority to anticipate in anywise any of the rents, issues, profits, income, moneys or payments herein provided to be devoted or paid to any benefi-

ciary, or any part thereof, nor to alienate, convey, transfer or dispose of the same or any interest therein or part thereof in advance of payment; nor shall the same be involuntarily alienated by any beneficiary or be subject to attachment or execution or be levied upon or taken upon any process for any debts which any beneficiary of this trust estate shall have contracted or shall contract, or in satisfaction of any demands or obligations which any beneficiary shall incur or be liable for, and all payments authorized and provided to be made by said Trustees shall be made and shall be valid and effectual only when made to the beneficiary to whom the same shall appertain and belong, and upon the individual receipt of such beneficiary * * *."

11. Aileen R. Kragness is also a beneficiary of a testamentary trust known as the Mark Alexander Robinson Testamentary Trust.

12. Pursuant to the terms of the Mark Alexander Robinson Testamentary Trust, Aileen R. Kragness is entitled to one-fifth of the distributable income produced by the trust. During the 180-day period following the filing of her Chapter 7 petition, Aileen R. Kragness received income totalling $38,500 from this trust which may constitute income produced by the trust.

13. Defendants, Chinn Ho, Herman G.P. Lemke, and Mildred Centeio, are the duly appointed trustees of the Mark Alexander Robinson Testamentary Trust and are authorized pursuant to the terms of that trust to make periodic payments of income to defendant, Aileen R. Kragness.

14. J.L.P. Robinson died in 1946 and Mark Alexander Robinson died in the 1960's.

15. Plaintiff, Bowers Distillery, Inc., has filed proof of its claim as a creditor of Rodney B. Kragness and Aileen R. Kragness. The amount owing to Bowers Distillery, Inc. from the Kragnesses is in excess of $1 million.

16. Aileen R. Kragness' share of the cash distribution from the J.L.P. Robinson Trust was $126,666.67. The value of the shares of stock to be distributed to her from the J.L.P. Robinson Trust was approximately $110,000 as of May 31, 1984.

A preliminary Injunction has previously been entered herein requiring the cash and stock distributed to Aileen R. Kragness from the corpus of the J.L.P. Robinson Trust to be held in a trust account pending the resolution of this matter with the exception of the sum of $60,000 which was disbursed to allow the debtors to purchase a residence for their use.

At the trial, the trustee, Gordon C. York, Inc., appeared through its attorney, Keith Boyd. Plaintiff-creditor, Bowers Distillery, Inc., appeared through its attorney, Carl R. Neil. The debtors were represented by their attorney, Mark H. Peterman. Defendants, Bishop Trust Co., Ltd., Chinn Ho, Herman G.P. Lemke and Mildred Centeio did not appear at trial.

There are two (2) issues to be resolved by this court. First, whether or not Aileen R. Kragness' share of the corpus of the J.L.P. Robinson Trust is property of the bankruptcy estate. Second, whether or not the income which Aileen R. Kragness received, during the 180-day period following the filing of her Chapter 7 petition herein, from both the J.L.P. Robinson Trust and the Mark Alexander Robinson Testamentary Trust is property of the estate.

11 U.S.C. 541 in effect at the time this bankruptcy was filed provided in pertinent part as follows:

(a) The commencement of a case under Section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor ac-

quires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance; ...

This broad language is, however, limited by 11 U.S.C. 541(c)(2) that provides:

A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

Plaintiffs contend that Mrs. Kragness' beneficial interest in the corpus of the J.L.P. Robinson Trust becomes property of the estate unless it is protected by a valid spendthrift clause in the Will of J.L.P. Robinson. They argue that the spendthrift provision contained in paragraph 6 of the will protects only Mrs. Kragness' right to receive income from the J.L.P. Robinson Trust. It does not protect her interest in the trust corpus from her creditors.

Plaintiffs concede that paragraph 6(g) of the Will of J.L.P. Robinson operates as a spendthrift clause to protect payments of income to Aileen R. Kragness. They argue, however, that the testator did not intend that this protection be extended to the corpus of the trust. In support of this argument, plaintiffs concentrate on one clause contained in the paragraph providing that "... nor shall any such beneficiary have the power or authority to anticipate in anywise any of the rents, issues, profits, income, moneys or payments herein provided to be devoted or paid to any beneficiary, or any part thereof ..." Plaintiffs maintain that the words rents, issues, profits, income and moneys can only refer to the income from the J.L.P. Robinson Trust since the corpus of the trust consisted mainly of real property. Although the term "payments" could be more broadly defined, as a matter of common usage, the word "payments" would not ordinarily apply to distributions from the corpus of the trust. Further, plaintiffs urge that the principle of ejusdem generis should be applied.

"However, a testator's intention is ascertained from a consideration of the will as a whole and not from its disjointed fragments." *In re Trust Estate of George Holt, Deceased,* 42 Hawaii 129, 134 (1957). Reading paragraph 6(g) of the J.L.P. Robinson Will in its entirety, one finds that the clause relied upon by plaintiffs is followed by the following language; "... nor to alienate, convey, transfer or dispose of the same or any interest therein or part thereof ..." Clearly, the words "alienate, convey, transfer or dispose of the same," are words commonly used to refer to a distribution of a trust corpus or transfer of real property interests. Paragraph 6(g) further provides for restrictions upon involuntary alienation, attachment or execution by creditors and provides that:

... all payments authorized and provided to be made by said Trustees shall be made and shall be valid and effectual only when made to the beneficiary to whom the same shall appertain and belong, and upon the individual receipt of such beneficiary ...

Reading paragraph 6(g) of the will as a whole, it is clear that the testator, J.L.P. Robinson, intended the spendthrift provisions of the will to protect not only the beneficiary's right to receive income but also her right to receive her distributive share of the corpus of the trust as well. If the principle of *ejusdem generis* has any application in this matter, it must be remembered that such a rule of construction should be applied only when it serves to aid in carrying out the intention of the testator not, when its application would serve to frustrate that intention.

The intent of the testator must be carried out unless the objective is illegal or impossible. Courts generally have no power to frustrate the testator's intent and substitute a different scheme. *Campbell v. Kawanakoa,* 34 Hawaii 333 (1937), *Scott on Trusts,* Section 165–166 (1967).

Plaintiffs contend that even if the spendthrift clause contained in the Will of J.L.P. Robinson is intended to protect the beneficiaries' interest in corpus as well as income, Hawaii law does not recognize the

validity of such a restraint on corpus. The leading Hawaiian case on spendthrift trusts appears to be *Welsh v. Campbell,* 41 Hawaii 106 (1955). In its opinion, the court refers to E. Griswold's treatise *Spendthrift Trusts* (2ed. 1947), that disfavors the application of spendthrift clauses, particularly as they restrain the alienation of a beneficiary's interest in corpus. Plaintiffs therefore contend that the Hawaiian courts, if faced with the issue, would invalidate such clauses.

In *Welsh,* the Supreme Court of Hawaii summarizes the background and history of spendthrift trusts and their growth throughout the United States. The court's reference, in dictum to E. Griswold, is a part of this discussion. In that case, the plaintiff garnished the trust to try to collect on a debt owed to the plaintiff by one of the beneficiaries. The question before the court was whether or not the spendthrift clause contained in the trust was against public policy, the court having found that there was no dispute that the settlor intended to place the trust's income beyond the reach of creditors. In its opinion, the court reviews earlier Hawaiian cases on the subject of spendthrift trusts, including *Harris v. Judd,* 3 Hawaii 421 (1873), *Harrison v. Davis,* 22 Hawaii 465 (1915) and *Crescent City Motors, Ltd. v. Nailaielana,* 31 Hawaii 418 (1930). As a result of this review, the court concluded:

> Although there may be no decisions squarely upon the point, all the Hawaiian decisions indicate that a spendthrift trust is valid. 41 Hawaii at 115.

In upholding the spendthrift trust in question, the court stated:

> As stated before, the overwhelming weight of authority in America is that spendthrift trusts are valid. The Hawaiian courts have intimated that the American rule is sound and at present it is practically regarded as a rule of property in Hawaii, especially by draftsmen of trust instruments. At this late date it would not seem desirable to upset the validity of such trusts. 41 Hawaii at 121.

The Hawaiian Supreme Court was not asked to determine the validity of spendthrift provisions restricting a beneficiary's interest in trust corpus in any of the above-cited cases. In view of the court's acceptance of the concept of the spendthrift trust, however, this court concludes that the Hawaiian Supreme Court would have found such provisions valid had the question been presented. Accordingly, this court concludes that the spendthrift provisions in the Will of J.L.P. Robinson restricting Aileen R. Kragness' right to alienate her interest in the corpus of the trust in advance of payment and distribution to her would be upheld and considered valid under Hawaiian state law.

Finally, plaintiffs contend that since the corpus of the J.L.P. Robinson Testamentary Trust was distributed to its beneficiaries, in accordance with the terms of the trust, 183 days after the filing of debtors' Chapter 7 petition herein, that Aileen R. Kragness had a contingent interest in the trust (contingent upon her survival until the date of distribution) that ought to be valued as property of the estate in view of the imminent distribution. Plaintiffs rely on *In re Strasma,* 26 B.R. 449 (Bankr.N.D. Ala.1983). 11 U.S.C. 541(a)(5) is quite clear, however, that a debtor's interest in a testamentary trust becomes property of the estate only if the debtor acquires or becomes entitled to acquire her interest in the trust within 180 days after the date the Chapter 7 petition is filed. Here, the debtor, Aileen R. Kragness, did not acquire her interest in the corpus of the J.L.P. Robinson Trust within 180 days after the filing of her Chapter 7 petition herein, nor had she become entitled to do so. She had no right to compel any payment or distribution of her interest in the corpus prior to the trust's termination and disbursement.

Accordingly, since the beneficial interest of Aileen R. Kragness in the corpus of the J.L.P. Robinson Trust was protected by a valid spendthrift clause, her interest in the trust corpus does not become property of the estate herein pursuant to 11 U.S.C. 541(c)(2).

944

In addition, defendant-debtors contend that the income received by Aileen R. Kragness from the J.L.P. Robinson Trust and the Mark Alexander Robinson Testamentary Trust, within 180 days after the filing of her bankruptcy petition, is not property of the estate. The crux of their argument appears to be that the two (2) testamentary trusts were already established at the time of the bankruptcy filing. Thus, any payments made to Mrs. Kragness during the 180-day period were not "by bequest, devise, or inheritance," since she was merely receiving an income distribution from pre-existing trusts. Defendant-debtors further contend that the situation is analogous to that existing with the Mark Alexander Robinson Inter Vivos Trust. The debtor, Aileen R. Kragness, is an income beneficiary of that trust and plaintiffs are not seeking the income paid from that trust. In substance, debtors maintain there is no difference between the payment of income from the inter vivos trust and the two (2) testamentary trusts.

Debtors' contention ignores the fact that the two (2) testamentary trusts are themselves a testamentary disposition created by the Wills of J.L.P. Robinson and Mark Alexander Robinson.

Both plaintiffs and debtors cite *Roy v. Edgar*, 11 B.R. 853 (Bankr.N.D.Fla.1981) *rev'd* 728 F.2d 1371 (11th Cir.1984), to support their positions concerning the income payments. These courts applied Section 70(a) of the Old Bankruptcy Act of 1898, which stated in pertinent part: "... all property ... which vest in the bankrupt within six months after bankrupty by bequest, devise or inheritance shall vest in the trustee ... as of the date when it is vested in the bankrupt ..." The decisions of the bankruptcy court and the court of appeals in that case turned on issues of whether or not distributions received by the debtor were transferable and when they vested.

This court is of the opinion that the *Edgar* decisions are no longer valid in light of the fact that 11 U.S.C. 541(a)(5)(A) has abandoned the concepts of vesting and transferability. The United States Supreme Court has interpreted Section 541(a) as providing a broader definition of interests constituting the bankruptcy estate. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d, 515 (1983). The statute clearly refers to any interest in property that the debtor "acquires or becomes entitled to acquire" within 180 days after the bankruptcy filing.

This court agrees with the statement made in *In re Hecht*, 3 Bankr.L.Rep. (CCH) ¶ 70,821 (Bankr.S.D.N.Y.1985):

> "To this Court, the common understanding of the term "acquire" means that trust income is "acquired" by the beneficiary at the time the income distribution is made." (footnote omitted). ¶ 70,821, p. 87,931.

Once income is paid to Mrs. Kragness as beneficiary, the income so paid is no longer subject to the protection of the spendthrift provisions contained in the trust.

Debtors have cited tax cases in which courts have held that income from a testamentary trust was not property acquired by gift, bequest, devise or descent for tax purposes. *Commissioner of Internal Revenue v. Widener*, 33 F.2d 833 (3rd Cir. 1929), *Irwin v. Gavit*, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 879 (1925). This court does not find these cases persuasive for the purpose of construing the effect of 11 U.S.C. 541(a)(5)(A).

In *Hecht*, cited supra, the court followed the earlier interpretation given by the bankruptcy court in *Edgar* to the effect that a testamentary trust is itself a testamentary disposition and that a bequest encompasses testamentary gifts of income from a trust. This court agrees with the *Hecht* analysis and therefore determines that the income received by Mrs. Kragness from the J.L.P. Robinson Testamentary Trust and the Mark Alexander Robinson Testamentary Trust within 180 days from the date her petition was filed herein is property of the estate and should be turned over to the plaintiff-trustee. A judgment consistent herewith shall be entered.

This opinion shall constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to this court by Bankruptcy Rule 7052, they shall not be separately stated.

## JUDGMENT

This matter having come regularly before the court for trial and the court having heard the argument of counsel and reviewed the memoranda and exhibits submitted by the parties and having entered its Opinion herein and now being fully advised in the premises;

Now, therefore, IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff, Gordon C. York, Inc., Trustee shall have and recover of and from the defendant, Aileen R. Kragness, the sum of $90,075.89; and

IT IS FURTHER ORDERED AND ADJUDGED that plaintiffs shall have and recover of and from the defendant, Aileen R. Kragness, plaintiffs' costs and disbursements incurred herein.