**Albert TOGUT, as Trustee in Bankruptcy for Mary Ellen Hecht, M.D., Plaintiff-Appellee,**

v.

**Mary Ellen HECHT, M.D., Defendant-Appellant.**

**No. 86 Civ. 0060 (CBM).**

United States District Court, S.D. New York.

Jan. 6, 1987.

Sudler & Barth by Eileen F. Sudler, New York City, for defendant-appellant Mary Ellen Hecht.

Togut, Segal & Segal by Albert Togut, Susan F. Balaschak, New York City, for plaintiff-appellee Albert Togut.

MOTLEY, District Judge.

## MEMORANDUM OPINION

Defendant Mary Ellen Hecht appeals from the decision of Bankruptcy Judge Burton Lifland finding that as a matter of law, the Hecht estate in bankruptcy is entitled to the proceeds of a spendthrift trust received by the debtor, Hecht, within the one hundred and eighty day period after her bankruptcy petition was filed. Decision on the amount owed was reserved until after a hearing could be held or until the parties could stipulate to the amount owed.

Hecht asserts four challenges to Judge Lifland's determination: 1) that the judge erred in treating her motion to dismiss the trustee's complaint for turnover of the funds as one for summary judgment; 2) that the trustee's complaint was barred by laches; 3) that the turnover of the trust funds is contrary to the Bankruptcy Code and to applicable state law; and 4) that the judge's decision contravenes the "fresh start" policy of the Bankruptcy Code.

■ Each of these challenges is without merit. Judge Lifland's decision to treat the debtor's motion to dismiss as a motion for summary judgment was proper under Fed. R.Civ.P. 12(b)(6) and Bankruptcy Rule 7012(b)(6), as the parties were given constructive notice that the motion would be so treated and a reasonable opportunity to present all material pertinent to such a motion. Having found that the motion involved no disputed issues of material fact, the judge thus properly disposed of the motion by summary judgment. 54 B.R. 379 (1985).

■ As to appellant's laches argument, appellant has failed to substantiate her claim that she was caused any prejudice by the Trustee's delay in filing his claim on behalf of the estate until shortly before the running of the statute of limitations. The fact is, the Trustee did file his claim within the appropriate time period, and there is no indication in the record that he inexcusably slept on his rights so as to make a decree against the debtor unfair. *See Prudential Lines, Inc. v. Exxon Corp.*, 704 F.2d 59, 65 (2d Cir.1983).

■ The court also rejects appellant's challenge to the merits of the decision by the bankruptcy judge. Under the law of Maryland, properly applicable to the testamentary spendthrift trusts at issue here, once income is received by the beneficiary, the income is no longer entitled to spendthrift protection. *Fetting v. Flanigan*, 185 Md. 499, 45 A.2d 355 (1946). Thus, while finding that Section 541(c)(2) of the Bankruptcy Code preserved the traditional protected status of spendthrift trusts, the judge nonetheless correctly held that funds *received* by the trust's beneficiary were not necessarily excluded from the property of the bankruptcy estate. Accordingly, the trustee here was entitled under Section 541(a)(5)(A) to collect for the bankruptcy estate any payments from these testamentary spendthrift trusts actually received by the beneficiary/debtor within one hundred and eighty days of the filing of the bankruptcy petition. Judge Lifland's thorough and well-reasoned opinion offers ample support for this outcome.

■ Finally, the court rejects appellant's argument that the bankruptcy court's decision to order payment of trust dividends for the one and hundred eighty day period following institution of the bankruptcy here violates the fresh start policy of the Bankruptcy Code. The bankruptcy court struck a considered balance between the Code's fresh start policy and its corresponding concern to effect a fair distribution of the debtor's property to her creditors.

*Conclusion*

Upon *de novo* review of the full record before the bankruptcy court in this matter, and of the well-reasoned opinion of Bankruptcy Judge Lifland in this case, Judge Lifland's decision that the Trustee in Bank-

ruptcy of the Mary Ellen Hecht bankruptcy estate is entitled to an order directing the debtor to turn over to the estate any spendthrift trust income received within one hundred and eighty days of her petition for bankruptcy, and in an amount to be determined at a subsequent hearing, is hereby affirmed.