**In re Joseph Davidow NEWMAN, Debtor.**

**Bankruptcy No. 86–70394.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 14, 1987.

**192**

G. Ronald Kesinger, Jacksonville, Ill., for debtor.

Robert M. Magill, Springfield, Ill., Trustee.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Debtor's interest in the corpus of a spendthrift trust, which is to be distributed to the Debtor at age 50 and is not subject to any spendthrift provisions, is part of the bankruptcy estate.

The Debtor, Joseph Newman, is the beneficiary of two irrevocable inter vivos trusts created by his parents, Joseph and Beatrice Newman, in December, 1946, and administered by Centerre Trust Company. The trusts contain spendthrift provisions. However, the trust terminates when the Debtor reaches the age of 50, and the corpus of the trust is to be distributed to the Debtor at this time "absolutely and free from trust. There are no spendthrift

restrictions after the Debtor turns 50. The Debtor is now 45 years old.

The Debtor filed his Chapter 7 petition in bankruptcy on March 7, 1986. Presently before the Court is the Debtor's motion to require the Trustee to abandon interest in the trusts. The Debtor argues that his beneficial interest in the spendthrift trust is excluded from property of the estate pursuant to 11 U.S.C. Sec. 541(c)(2). He further argues that his "contingent" interest in the corpus of the spendthrift trust becomes property of the estate only if it is distributed within 180 days after the filing of the petition in bankruptcy pursuant to Sec. 541(a)(5). The Trustee admits that the annual distributions made to the Debtor from the spendthrift trust are not property of the estate. However, he argues that the "vested" remainder interest, which is to be distributed to the Debtor at age 50, is not subject to spendthrift provisions, and therefore it is a property interest of the Debtor which became an asset of the estate.

■ Initially, the Court notes that the question of whether the Debtor's interest in the corpus of the spendthrift trust is a contingent interest or a vested interest subject to divestiture is not an issue under the Bankruptcy Code. *In re Hoblit*, 89 B.R. 756, 757 (Bankr.C.D.Ill. 1986), *In re Reynolds*, 50 B.R. 20, 21 (Bankr.C.D.Ill.1985). *See, In re Watson*, 65 B.R. 9, 12 (Bankr.C.D.Ill.1986). 11 U.S.C. Sec. 541 provides that a debtor's estate includes all legal or equitable interests of the debtor in property, both tangible and intangible, including exempt property, as of the date the case is commenced. The legal or equitable interests of a debtor include interests that are strictly contingent. *In re Brown*, 734 F.2d 119, 123 (2nd Cir.1984); *In re Greer Stump Plumbing, Inc.,* 9 B.R. 181, 183–85 (Bankr.Ariz.1981). *See, Collier on Bankruptcy,* para. 541.07[2] at 541–30 (15th ed. 1987). The contingency merely affects the value of the property interest; it does not prevent the property from becoming property of the estate.

■ Further, the 180 day provision of 11 U.S.C. Sec. 541(a)(5) is not applicable to the

facts of this case. Under Sec. 541(a)(5), property of the estate includes any property interest that the debtor acquires or becomes entitled to acquire within 180 days after the date of filing. In the case at bar, the Debtor had an interest in the corpus of the spendthrift trust at the time he filed his bankruptcy petition. The fact that this property interest was not distributed within 180 days of the filing of the bankruptcy petition does not bring it within the purview of Sec. 541(a)(5). As explained in *Collier on Bankruptcy,*

> If the debtor's interest in property passing by any of the means specified in section 541(a)(5) actually arises *prior* to the filing of the petition, the interest becomes property of the estate under section 541(a)(1). This is true regardless of whether the value of such interest has been determined or distributed, or whether the estate of which it is a part is subject to administration.

*Collier, supra,* para. 541.18 at 541–97 (emphasis in original), citing *Matter of Hannan,* 127 F.2d 894 (7th Cir.1942). Section 541(a)(5) was designed to cover situations in which the debtor has a mere expectancy at the time of the filing that he might become entitled to certain property. The Debtor in this case had more than a mere expectancy; he had a definite future interest in the corpus of the trust.

■ The cases cited by the Debtor, *In re Cypert,* 68 B.R. 449 (Bankr.N.D.Tex.1987), *In re Kragness,* 58 B.R. 939 (Bankr.D.Or. 1986), *In re Hecht,* 54 B.R. 379 (Bankr. 1985), and *Williams v. Frisbee,* 419 S.W.2d 99 (1967), are readily distinguishable from the case at bar. *Cypert* and *Hecht* simply discuss the income interest of a spendthrift trust; they do not involve the distribution of the corpus of the trust. *Kragness* involves both the income from a spendthrift trust and the distribution of the corpus of the trust. Unlike this case, however, the *Kragness* Court specifically found that the spendthrift provisions of the trust protected both the debtor's right to receive income and the debtor's right to receive a distributive share of the corpus of the trust. 58 B.R. at 942. The clear language of the trust in this case protects only the income

of the trust, not the distribution of the corpus of the trust when the Debtor reaches the age of 50. The trust at issue in this case simply terminates when the Debtor turns 50. The spendthrift provisions are not applicable to the corpus of the trust at this point. Similarly, *Williams* involved provisions for distribution of the corpus to a beneficiary prior to the termination of the trust, and the Court found the spendthrift clause to be applicable to the distribution of the corpus. The spendthrift provisions at issue here are clearly not applicable to the distribution of the corpus after the termination of the trust. Therefore, Sec. 541(c)(2) does not prevent this property interest from becoming property of the estate.

■ The Court views the Debtor's interest in the corpus of the spendthrift trust to be analogous to a remainder interest in real estate which is subject to a life estate. In both situations, the debtor has a property interest which is subject to a contingency, either living to a certain age or outliving the owner of the life estate. In either case, the Debtor has an interest in property which is part of the bankruptcy estate and which the Trustee may sell. *In re Hoblit, supra; In re Reynolds, supra.*

In sum, the Court finds that annual distributions to the Debtor from the spendthrift trust which are made subsequent to 180 days after the filing of the bankruptcy petition are not property of the estate. 11 U.S.C. Sec. 541(c)(2). However, distributions to the Debtor within the 180 day period after the filing of the bankruptcy petition are property of the estate. *In re Hecht, supra,* 54 B.R. at 383. In addition, the Debtor's interest in the distribution of the corpus of the spendthrift trust when he reaches the age of 50 is property of the estate.

Accordingly, the Debtor's motion to require the Trustee to abandon interests in trusts is granted in part and denied in part.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to

Rule 7052 of the Rules of Bankruptcy Procedure.