In re Joseph Davidow NEWMAN,
Debtor/Appellant,

v.

Robert M. MAGILL, Trustee/Appellee.

No. 88–3029.

United States District Court,
C.D. Illinois,
Springfield Division.

April 26, 1989.

G. Ronald Kesinger, Jacksonville, Ill., for debtor/appellant.

Robert M. Magill, Springfield, Ill., for trustee/appellee.

## OPINION

RICHARD MILLS, District Judge:

We must reverse.

The Bankruptcy Court held that the Debtor's interest in the distribution of the corpus of a spendthrift trust (when he reaches the age of 50) is property of the Debtor's estate, as well as distributions of income made to the Debtor within the 180 day period following the filing of the bankruptcy petition. *In re Newman*, 88 B.R. 191 (Bankr.C.D.Ill.1987).

This cause is before the Court on appeal from the Bankruptcy Court's decision pursuant to 28 U.S.C. § 158(a).

## I—Facts

The Debtor filed a Chapter 7 petition in bankruptcy in March of 1986. During the course of the bankruptcy proceedings, the Debtor filed a motion to require the Trustee to abandon interest in two inter vivos spendthrift trusts established by the Debtor's parents in 1946 for the benefit of the

Debtor. The trusts were executed in Missouri and have been administered there.

The trusts provide that the Trustee shall distribute net income, and corpus in his discretion, to the Debtor until he attains the age of 50. Once the Debtor reaches 50 (he has not reached that age yet), the trusts terminate and the corpus is to be distributed to him. The Bankruptcy Court ordered that the Debtor's interest in the distribution of the corpus of the trusts when the Debtor reaches the age of 50 is property of the Debtor's estate. The Bankruptcy Court further held that, although distributions of income *subsequent* to the 180 day period after the filing of the bankruptcy petition are not property of the Debtor's estate, distributions of income to the Debtor *within* the 180 day period are property of the estate.

## II—Issues

The issues presented to this Court are: (1) did the Bankruptcy Court err in holding that the Debtor's interest in the distribution of corpus (when he attains the age of 50) is property of the bankruptcy estate; and (2) did the Bankruptcy Court err in holding that payments of income made to the Debtor within 180 days of the filing of the bankruptcy petition are property of the Debtor's estate.

## III—Standard of Review

Bankruptcy Rule 8013 provides: "Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." However, we review decisions made as a matter of law *de novo. In re Evanston Motor Co.*, 735 F.2d 1029, 1031 (7th Cir.1984); *In re Ellis*, 66 B.R. 821, 823 (N.D.Ill.1986). Only issues of law are presented here.

## IV—Applicable Law

The parties agree that the operative section of the Bankruptcy Code is section 541. 11 U.S.C. § 541. More specifically, subsections 541(a)(1), 541(a)(5)(A), and 541(c)(2) are at issue. Further, the parties agree that the validity of the spendthrift provisions of the trust are to be examined under the law of the State of Missouri. The Trustee does not dispute the validity of the spendthrift trust.

## V—Corpus Distribution

■ The main issue in this cause centers on the Bankruptcy Court's holding that the Debtor's interest in the distribution of corpus when he reaches the age of 50 is property of the Debtor's estate under section 541(a)(1).[1] This holding is based on the premise that the spendthrift provisions of the trust do not apply to the corpus of the trust at the time it is to be distributed. The court states: "The clear language of the trust in this case protects only the income of the trust, not the distribution of the corpus of the trust when the debtor reaches the age of 50. The trust at issue in this case simply terminates when the debtor turns 50." *Newman*, 88 B.R. at 193. However, if the spendthrift provision does apply to the corpus, and the Debtor's interest therein, then the corpus is not part of the Debtor's estate pursuant to section 541(c)(2).[2] We believe section 541(c)(2) does apply.

The spendthrift provision in the trust instrument states at Article VII:

> Neither the *corpus nor the income* of any trust estate herein created shall be liable for the debts of any beneficiary thereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary shall have the right or power to give, sell,

1. This section states in pertinent part:
   (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
   (1) Except as provided in subsections (b) and (c)(2) [governing spendthrift trusts] of this section, all legal or equitable interests of

the debtor in property as of the commencement of the case.

2. This section states: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." 11 U.S.C. § 541(c)(2).

assign, transfer, pledge, mortgage, or in any other manner dispose of, encumber, or anticipate his or her interest in the *income or corpus* of any trust estate, and in the event any beneficiary of any trust created hereunder becomes insolvent or attempts to give, sell, assign, transfer, pledge, mortgage, or in any manner dispose of, encumber, or anticipate the *income or corpus* of the trust estate, the trustee may thereafter, in his discretion, during the term of the trust cease making payments of *income and corpus* to such beneficiary for such period of time as the trustee may deem necessary. (Emphasis added.)

Clearly, the settlor of the trust intended the spendthrift provisions to apply equally to the income and the corpus of the trust. However, with respect to the Debtor's share of corpus to be distributed when he reaches the age of 50, the trustee points to language in Article I, section C of the trust instrument which states: "Upon Joseph Davidow Newman's attaining the age of fifty (50) years, the trust herein created shall terminate and the trustee shall distribute to Joseph Davidow Newman the assets of the trust estate, *absolutely and free from trust.*" (Emphasis added.)

The Trustee argues that because of Article I, section C's language, the spendthrift provision affects only the distribution of income and corpus made to the Debtor *until* he reaches 50 and not his "vested remainder interest." First, as the Bankruptcy Court correctly stated, the fact that there is a contingent or vested interest is irrelevant. *In re Watson*, 65 B.R. 9, 12 (Bankr.C.D.Ill.1986). Second, the Trustee's argument is flawed if we are to give meaning to the spendthrift provisions in Article VII and to the language of section 541(c)(2).

Because the Debtor has not received the corpus payment yet, the Trustee necessarily argues that the Debtor's *interest* in that payment is part of the bankruptcy estate. Yet, Article VII states: "[N]o beneficiary shall have the right or power to give, sell, assign, transfer, pledge, mortgage, or in any other manner dispose of, encumber, or

anticipate his or her *interest* in the income or corpus" of the trust. (Emphasis added.) Thus, the spendthrift provision protects the Debtor's interest in receiving the corpus distribution when he attains the age of 50. This is clearly "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law" and, therefore, is not subject to inclusion in the Debtor's bankruptcy estate. 11 U.S.C. § 541(c)(2).

The fact that Article I, section C states that the corpus is to be delivered absolutely and free from trust merely signifies the termination of the trust once the trust's purpose is completed. That language cannot possibly have meant to serve to vitiate the detailed and explicit language of Article VII's spendthrift provisions on income and corpus.

*In re Kragness*, 58 B.R. 939 (Bankr.D. Ore.1986), presented a similar situation. The debtor was the beneficiary of a testamentary trust with a spendthrift provision nearly identical to that in the instant cause. In *Kragness*, the trustee also argued that the spendthrift provision applied only to the income distributions and not to the corpus distribution. The court held there, as here, that it was the intention of the settlor of the trust to protect both the income and corpus of the trust. Next, the trustee argued in *Kragness*, as the Trustee argues here, that the debtor's interest in the corpus distribution should be included in the debtor's estate. To that argument the court replied:

11 U.S.C. 541(a)(5) is quite clear, however, that a debtor's interest in a testamentary trust becomes property of the estate only if the debtor acquires or becomes entitled to acquire her interest in the trust within 180 days after the date the Chapter 7 petition is filed. Here, the debtor ... did not acquire her interest in the corpus of the [trust] within 180 days after the filing of her Chapter 7 petition herein, nor had she become entitled to do so. She had no right to compel any payment or distribution of her interest in the corpus prior to the trust's termination and disbursement.

*Id.* at 943. The same argument controls the issue at hand.

The Trustee attempts to distinguish *Kragness* on the ground that the *Kragness* court found that the spendthrift provisions applied to the distribution of the corpus. The Trustee then states: "In the instant case, there are no governing trust provisions applicable to the final distribution of the corpus since the trust terminates prior to such distribution." The crux of the Trustee's argument rests on the language "the trust terminates prior to such distribution." Therein lies the weakness of the Trustee's position. How can the trust terminate *prior* to the final distribution? If the trust terminated prior to the final distribution of corpus, then it could not validly provide for the final payment to be made. Thus, the Debtor would have no claim to it, and the corpus would be held in limbo by the trustee. Obviously, this is an absurd result and would not further the intent of the settlor. The only reasonable conclusion is that the spendthrift provision, as well as the entire trust instrument, is valid until the Debtor reaches the age of 50. Only then does the Debtor acquire an interest in the corpus distribution.

### VI—Income Distribution

The Debtor further argues that the Bankruptcy Court erred in holding that distributions of income from the spendthrift trust made within 180 days of the filing of the petition become property of the bankruptcy estate pursuant to section 541(a)(5)(A). The Court based its holding on *In re Hecht,* 54 B.R. 379 (Bankr.S.D.N.Y.1985), *aff'd sub nom. Togut v. Hecht,* 69 B.R. 290 (S.D.N.Y.1987).

■ Initially, the Trustee argues that the Debtor has waived this issue by conceding it in the Bankruptcy Court.[3] Generally, it is true that "[a]n issue not presented in the court below cannot be raised for the first time on appeal and form the basis for reversal." *In re Jones,* 71 B.R. 682

(S.D.Ill.1987). However, "the district [court has] power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court." *In re Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1379 (9th Cir.1985); *Johnson v. Fairco Corp.,* 61 B.R. 317, 320 (N.D.Ill. 1986). As the Bankruptcy Court's order makes an explicit finding on this issue, it is "presented by the record," and thus reviewable.

■ Section 541(a)(5)(A) provides that the Debtor's estate includes:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance. . . .

Thus, the income distribution payments may only be considered part of the Debtor's estate if he acquires them within 180 days of the filing of his petition by bequest, devise, or inheritance. *Black's Law Dictionary* (5th ed. 1979) contains the following definitions:

*Bequest:* A gift by will of personal property; a legacy.

*Devise:* A testamentary disposition of land or realty; a gift of real property by the last will and testament of the donor.

*Inheritance:* Property which descends to heir on the intestate death of another.

There is no indication in the statute that Congress intended these terms to have anything but their normal and accepted meanings. Thus, as income distributions derived from an inter vivos trust do not fit within any of the above definitions, section 541(a)(5)(A) is inapplicable here. The Trustee relies on *Hecht,* 54 B.R. at 383, to support his position that section 541(a)(5)(A) does apply. However, *Hecht* involved a testamentary trust. It may be

---

3. The Debtor stated before the Bankruptcy Court in his Memorandum of Law in Support of Motion to Require Trustee to Abandon Interest in the Trusts: "It [section 541(c)(2) ] will not, however, protect distributions the beneficiary

receives within that 180–day period. *Hecht,* 54 B.R. at 383." Though the Bankruptcy Court accepted the Debtor's concession, we review this issue because of its importance and the probability that this issue will arise again.

rationally argued that such a trust is covered by the above definitions. The same does not apply to an inter vivos trust as is involved here. Its income does not fall within the pale of the 180 day dragnet.

*Ergo*, the decision of the Bankruptcy Court is hereby REVERSED. This cause is REMANDED to the Bankruptcy Court for further proceedings consistent with this opinion.