In the Matter of Joseph Davidow
NEWMAN, Debtor.

Robert M. MAGILL, Trustee–Appellant,

v.

Joseph Davidow NEWMAN,
Debtor–Appellee.

No. 89–2004.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 20, 1990.

Decided June 7, 1990.

Robert M. Magill, Brown, Hay & Stephens, Springfield, Ill., for trustee-appellant.

Carl J. Spector, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., Ronald G. Kesinger, Jacksonville, Ill., for debtor-appellee.

Before CUMMINGS, CUDAHY and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

This case involves application of the Bankruptcy Code to *inter vivos* spendthrift trusts benefiting a debtor in bankruptcy. The bankruptcy court held that the property of the debtor's estate that could be made available to creditors under the Bankruptcy Code included: (1) the debtor's interest in the distribution of the corpus of the spendthrift trusts; and (2) distributions of income from the trusts made to the debtor within 180 days following the filing of the bankruptcy petition. *In re Newman*, 88 B.R. 191 (Bankr.C.D.Ill.1987). On appeal, the district court reversed both decisions. *In re Newman v. Magill*, 99 B.R. 881 (C.D. Ill.1989). We affirm the judgment of the district court on both points in favor of the debtor.

I.

In December 1946, the parents of Joseph D. Newman executed two *inter vivos* spendthrift trusts for Newman's benefit. The trusts were to expire on Newman's 50th birthday. In March 1986, at age 45, Newman filed a Chapter 7 petition in bankruptcy. He listed $67,710 in assets and a total of $1.2 million in taxes and secured and unsecured debts (R.3 at 4). During the course of the bankruptcy proceedings, Newman filed a motion for an order requiring the trustee in bankruptcy to abandon any interest in the trusts that the trustee in bankruptcy might claim. That motion presents the issues raised in this appeal.[1]

A. *The Spendthrift Trusts*

The two express spendthrift trusts at issue are identical for all relevant purposes. Each provides that the trustee shall distribute net income or portions of the corpus to Newman until he reaches age 50 as needed in the trustee's discretion for the debtor's "education, maintenance, comfort, and support." Trust Art. VII, Appellee's App. at 13. When Newman turns 50, "the trust herein created shall terminate and the trustee shall distribute to [Newman] the assets of the trust estate, absolutely and free from trust." Trust Art. I, § C, Appellee's App. at 2. Until that time, however, neither the corpus nor the income of the trust estate shall be liable for

> the debts of any beneficiary thereof, nor shall the same be subject to seizure by any creditor of any beneficiary under any writ or proceeding at law or in equity, and no beneficiary shall have the right or power to give, sell, assign, transfer, pledge, mortgage, or in any other manner dispose of, encumber, *or anticipate his or her interest in the income or corpus* of any trust estate, * * *. Trust Art. VII, Appellee's App. at 13 (emphasis added).

This case does not involve the oft-contested desirability or validity of the alienation-restricting device known as the spendthrift trust. See G.G. Bogert & G.T. Bogert, The Law of Trusts and Trustees § 222 (rev. 2d ed. 1979); *Eaton v. Boston Trust Co.*, 240 U.S. 427, 429, 36 S.Ct. 391, 392, 60 L.Ed. 723 (policy in Massachusetts law favoring protection of spendthrift trusts must be respected in bankruptcy context, "[w]hatever may have been the criticisms upon the policy and soundness of the doctrine") (Holmes, J.). The trustee in

---

1. We ignore the trustee's tardy and undeveloped estoppel argument to the effect that the debtor may not use the spendthrift trusts as a shelter against creditors because he allegedly procured a loan secured by his anticipated interest in the corpus of the spendthrift trusts in 1983. This highly fact-based dispute was not pursued before the bankruptcy or district courts and was improperly raised in this appeal.

bankruptcy does not question the validity of the spendthrift trusts at issue under Missouri law, which is the applicable legal standard (Appellant Br. at 4). Instead the issue to be decided centers upon the specific import of these spendthrift trusts and the application of 11 U.S.C. § 541 to determine what qualifies as "property of the estate" of the debtor for the purposes of the bankruptcy proceeding.

### B.   Bankruptcy Code Section 541

Section 541 of the Bankruptcy Reform Act of 1978 defines "the property of the estate" in bankruptcy that may come within the reach of creditors. The general rule of this Bankruptcy Code provision, helpful to the bankruptcy trustee here so far as it goes, is that the property of the estate is to be defined very broadly to include "all legal or equitable interests of the debtor in property" at the commencement of a case under Title 11. 11 U.S.C. § 541(a)(1). The debtor, however, bases his case on the fact that Section 541(a)(1) directs the reader to Section 541(c)(2), which contains the following exception: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." [2]

The third and final provision of Section 541 cited by the parties is alleged to be relevant to the question of whether distributions of the spendthrift trusts made to the debtor during the 180 days following his petition for bankruptcy are property of the estate. This provision includes within the definition of an estate certain property interests that may enrich the estate shortly after the debtor files for bankruptcy:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance; * * * 11 U.S.C. § 541(a)(5).

### II.

■ The district and appellate courts review factual findings of the bankruptcy courts under a clearly erroneous standard, but review conclusions of law *de novo.* Bankruptcy Rule 8013; *Calder v. Camp Grove State Bank,* 892 F.2d 629, 631 (7th Cir.1990). The district court found that only issues of law are presented in this case. *In re Newman,* 99 B.R. at 882. We agree and therefore use the *de novo* standard.

### III.

### A.   Corpus Distribution

■ The district court was correct in finding that this case calls for application of 11 U.S.C. § 541(c)(2) to take the corpus of each spendthrift trust out of the definition of "property of the estate" of the debtor. A contrary decision would drain the spendthrift trusts of any meaning and ignore the relevant Bankruptcy Code provision. The grantor of the trusts clearly and effectively directed that the corpus not become a part of the debtor's estate until he reached age 50 and that the debtor and his creditors be prevented from anticipating the debtor's interest in the corpus until that time.

The trustee in bankruptcy places great emphasis on the fact that, according to the terms of the trusts, they shall terminate when the debtor reaches age 50, at which time "the trustee shall distribute to [Newman] the assets of the trust estate, absolutely and free from trust." The trustee asserts that this language will act to nullify the spendthrift provisions at the instant the debtor turns 50, so that he is to receive the trust corpus "free from trust." As a result, the trustee asserts, the estate in bankruptcy should now include the present

---

**2.** While there is disagreement about what else it might cover, it is clear that the phrase "applicable nonbankruptcy law" used in this provision was intended to be applied to state law concerning spendthrift trusts such as is presented in this

case. See *In re Lichstrahl,* 750 F.2d 1488, 1490 (11th Cir.1985) (collecting cases). As stated in the text, the parties in this case agree that the spendthrift trusts are enforceable under Missouri law, the "applicable nonbankruptcy law."

value of that amount to be turned over "free from trust."

This reading of the trusts is imaginative but far too narrow. It ignores the plain import of the trusts taken as a whole. If the debtor were now older than 50, this approach would make sense. The point of a spendthrift trust, however, is to prevent exactly this sort of anticipation by beneficiaries and their creditors. The Bankruptcy Code is designed to further that goal.

*B. Income Distribution*

The bankruptcy court found that distributions from the trusts made to the debtor within 180 days following the filing of the bankruptcy petition are part of the bankruptcy estate. *In re Newman*, 88 B.R. at 193. The district court reversed, finding that 11 U.S.C. § 541(a)(5)(A), which includes as property of the estate interests derived from a bequest, devise, or inheritance, is inapplicable to the income payments.

■ The trustee in bankruptcy begins his appeal on this issue with a waiver argument. The trustee asserts that the debtor waived his argument by conceding in a pleading before the bankruptcy court that the Bankruptcy Code would not protect such distributions. Where an issue is sufficiently addressed in the record created in bankruptcy proceedings, a district court may in its discretion resolve that issue in its review of a properly appealed final order of the bankruptcy court. See *In re Air Conditioning, Inc. of Stuart*, 845 F.2d 293, 299 (11th Cir.1988), certiorari denied *sub nom. First Interstate Credit Alliance, Inc. v. American Bank of Martin Co.*, —— U.S. ——, 109 S.Ct. 557, 102 L.Ed.2d 584 (1988); *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985). The trustee in bankruptcy here does not argue that either the bankruptcy court or the district court denied him an opportunity to develop a factual record on the question of income distribution. The district court did not abuse its discretion in addressing this issue.

■ The district court did not err in holding that trust income payments made during the 180–day period were neither a bequest, devise, nor an inheritance under 11 U.S.C. § 541(a)(5)(A). The Fifth Circuit has stated in passing, without providing analysis, that such payments would qualify as "bequests." *In the Matter of Moody*, 837 F.2d 719, 723 n. 12 (1988).[3] Yet the federal courts must use state law to determine what constitutes a bequest, devise, or inheritance under the relevant provision. See *Thornton v. Scarborough*, 348 F.2d 17, 20 (5th Cir.1965) (addressing Section 70(a) of the Bankruptcy Act of 1898, the predecessor to Section 541(a)), *modified on other grounds*, 349 F.2d 1023 (1965); *In re Surowitz*, 94 B.R. 438, 439 (E.D.Mich.1988).

The trusts at issue were executed and administered in Missouri. It does not appear that the courts of Missouri have ever characterized an *inter vivos* spendthrift trust, or the payments out of such a trust, as a bequest. It would be somewhat surprising if they had, since, as the district court in this case noted, a bequest is defined as a gift by will. *In re Newman*, 99 B.R. at 884. Missouri usage is consistent with this definition. See, *e.g., Mamoulian v. St. Louis University*, 732 S.W.2d 512 (Mo.1987) (*en banc*); *Gannon v. Albright*, 183 Mo. 238, 81 S.W. 1162, 1163 (1904); *Watson v. Watson*, 110 Mo. 164, 19 S.W. 543, 544 (1892). Missouri does not distinguish between the corpus or income payments of a spendthrift trust in any way relevant to this issue. See Mo.Ann.Stat. § 456.080 (Vernon 1989) (giving force to restraints on the transfer of "beneficial interests in a trust" without distinction between corpus and income payments); *McNeal v. Bonnel*, 412 S.W.2d 167, 170 (Mo.1967) (*per curiam* adoption of special commissioner's opinion) (defining spendthrift trust as restriction on "either income or principal").

The Fifth Circuit stated that applying the 180–day recovery provision would be "con-

---

**3.** *Moody* is distinguishable. The court in that case did not make clear whether the trust at issue was created as a testamentary trust. If the trust were created in a will it would be considered an inheritance or bequest.

sistent with the theory of the spendthrift trust because once trust income is paid to the beneficiary the income so paid is no longer subject to the protection of the spendthrift provisions in the trust." *In re Moody,* 837 F.2d at 723 (citations omitted). While that may be true as an original matter, it ignores the exclusive structure of 11 U.S.C. § 541(a)(5); Congress listed the specific interests to be included as property of the estate. Those interests do not include a category into which an *inter vivos* spendthrift trust may fit.[4] The decision of Congress to enumerate specific exclusions creates a presumption that cases not included in that list of exclusions are subject to the statute. See *Matter of Cash Currency Exchange, Inc.,* 762 F.2d 542, 552 (7th Cir. 1985) (applying maxim *expressio unius est exclusio alterius* to provision of Bankruptcy Code), certiorari denied *sub nom. Fryzel v. Cash Currency,* 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232. Similarly, the decision of Congress to list certain interests without introducing them with the words "includes" or "including" creates a presumption that those are the sole interests covered. See 11 U.S.C. § 102(3).

Payments made to the debtor from the trusts during the 180 days following the filing of the bankruptcy action are not interests held by the debtor at the commencement of the case, as specified in 11 U.S.C. § 541(a)(1), nor would they qualify as interests "by bequest, devise, or inheritance," as specified in 11 U.S.C. § 541(a)(5).

### IV.

The spendthrift trusts are valid under the law of Missouri. Congress clearly exempted the corpus of spendthrift trusts that are valid under state law from the reach of creditors in bankruptcy proceedings. Congress did not include income payments of *inter vivos* spendthrift trusts within the 180-day post-filing period provision. Those facts compelled the district court to reverse the bankruptcy court.

The decision of the district court is affirmed and this case is remanded to the bankruptcy court for further proceedings consistent with this opinion.

---

**4.** This case contrasts with such cases as *In re Kragness,* 58 B.R. 939 (Bankr.D.Or.1986), which involve testamentary spendthrift trusts. The bankruptcy court in that case stated that a debtor's interest in a testamentary trust would be- come part of the estate if the interest arose during the 180-day period. 58 B.R. at 944. See also *Matter of Hecht,* 54 B.R. 379, 385 (Bankr.S. D.N.Y.1985), affirmed 69 B.R. 290 (S.D.N.Y. 1987).