943 F.2d 54
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In the Matter of Daryl A. SCHULTZ and Norita J. Schultz,
Debtors-Appellants.
 No. 90-3795.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 6, 1991.*
Decided Sept. 6, 1991.
Rehearing and Rehearing En Banc Denied
Oct. 22, 1991.
 
 Before BAUER, Chief Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Daryl Schultz, a Chapter 11 debtor-in-possession, appeals pro se from an order of the district court affirming an award of administrative expenses by a bankruptcy judge pursuant to 11 U.S.C. § 503(b)(1)(A).[1] The bankruptcy judge awarded $8,000 to the appellee for removing from a building personal property (equipment) belonging to the Schultzes' estate. Schultz contends that any award was improper because he did not hire the appellee to remove the property. According to Schultz, absent a contractual relation, the appellee was ineligible for compensation.
 
 
 2
 Schultz presents an issue of law which we review de novo, see Bankr.R. 8013; Newman v. McGill, 903 F.2d 1150, 1152 (7th Cir.1990), and under this standard, his contention fails. The order of the bankruptcy judge entered on April 27, 1989, authorized the delivery of the building to its new owner and the ouster of the Shultzes from the premises. It advised the Schultzes to either remove the property themselves or risk having it removed for them. When the Schultzes refused to remove their property, the building owner, acting on the authority of the court order, hired Diversified Services to do the work for them. This the building owner had the right to do, and Diversified Services was entitled to the costs it incurred for the benefit of the Schultzes' estate. See In re Jartran, Inc., 886 F.2d 859, 871 (7th Cir.1989) (bankruptcy code permits administrative expense claims for "the actual, necessary costs and expenses of preserbing the estate").
 
 The award is accordingly
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Only Daryl Schultz is a party to this appeal because his wife, Norita Schultz, did not sign the notice of appeal. See Carter v. Comm'r, 784 F.2d 1006, 1008 (9th Cir.1986) (court lacks jurisdiction over wife's appeal where husband signs notice of appeal for both of them); cf. Covington v. Allsbrook, 636 F.2d 63, 64 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981) (notice of appeal filed by only one inmate does not bring other inmates within court's jurisdiction); see generally 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice p 203.17 at 3-78 (2d ed. 1991) (notice of appeal filed by pro se party must be signed by that party; notice naming several pro se appellants but signed by only one of them does not initiate appeal on behalf of nonsignatories)