**UNITED STATES (INTERNAL REVENUE SERVICE), Plaintiff,**

**v.**

**Earl A. CHARLTON, Defendant.**

**No. 89–C–1110.**
**Bankruptcy No. 81–01019.**

United States District Court, E.D. Wisconsin.

July 2, 1992.

adversary proceeding.

846

Jeffrey Snow, Washington, D.C., for plaintiff.

Joseph J. Welcenbach, Welcenbach & Widmann, S.C., Milwaukee, Wis., for defendant.

## ORDER

CURRAN, District Judge.

Before the court is the appeal from an order entered by the Bankruptcy Court finding that Earl Alan Charlton is liable to the United States Internal Revenue Service for certain unpaid trust fund taxes in the amount of $153,861.75 plus interest. It is well settled that the proper standard of review applied to findings of fact in the Bankruptcy Court is the clearly erroneous standard. *Matter of Evanston Motor Co., Inc.*, 735 F.2d 1029 (7th Cir.1984). Because the court finds that the Bankruptcy Court's findings of fact are not clearly erroneous, those findings are adopted by this court. Review of the conclusions of law, however, require *de novo* consideration. Bankruptcy Rule 8013, *Matter of Newman*, 903 F.2d 1150 (7th Cir.1990); *Calder v. Camp Grove State Bank*, 892 F.2d 629, 631 (7th Cir. 1990).

The Bankruptcy Court found that the debtor, Earl Alan Charlton, became acquainted with the ex Green Bay Packer Frederick C. (Fuzzy) Thurston during the middle to late 1970's. Thurston and Neal Woodington induced Charlton to invest in a chain of five Wisconsin restaurants generally known as the Left Guard. By June 2, 1977, Charlton was a director of the Milwaukee Left Guard and the Eau Claire Left Guard. On February 8, 1978, Charlton was designated as the registered agent for the holding company for the five Fuzzy Thurston restaurants. On April 16, 1979, Charlton signed an alcoholic beverage license renewal application as secretary, possibly treasurer and director of the Tyrolean, a third Thurston restaurant. On May 4, 1979, Charlton executed an unlimited guarantee for a loan obligation of the Tyrolean Restaurant. During the same time period, Charlton loaned the Janesville restaurant $70,000.00 in accordance with a borrowing resolution he executed as a director of and one of the two shareholders in the restaurant. On the same date, Charlton signed a corporate resolution authorizing the sale/leaseback of the Milwaukee Left Guard's equipment and then executed the agreement as one of the two

 

shareholders in and director of the Milwaukee Left Guard.

During that same time frame, Charlton acknowledged that he was the secretary of the holding company, signed a corporate borrowing resolution authorizing himself to endorse and assign checks, certificates of deposit, and other business papers as to the Tyrolean Restaurant, and acknowledged that he was aware of the unpaid employment taxes of and tax liens filed against three of the five restaurants.

Following a letter to the IRS dated August 10, 1979, from Attorney Arthur Blumenthal informing that Charlton had been advised of the tax liens, Charlton mailed a letter to the IRS, along with a $4,000.00 check to be applied to the Tyrolean Restaurant's delinquent employment taxes. The Bankruptcy Judge cited many examples of the control which Carlton exercised over the corporation and the individual incorporated restaurants. In fact, in a letter dated August 23, 1979, Carlton offered to sell all his interest in the chain to Thurston, complaining that the operation was taking too much of his time.

Courts consider a number of factors in deciding whether a person was a responsible person under section 6672. These factors include a person's ability to sign checks; the control exercised over the company's financial affairs; whether the person had the ability to hire and fire employees; whether the person was an officer, a director, or a shareholder; and the size of the person's entrepreneurial stake in the corporate entity. *See, e.g., George v. United States*, 819 F.2d 1008 (11th Cir. 1987). "Section 6672 casts the net of liability over 'any person required to collect, truthfully account for, and pay over' withholding taxes—any 'responsible person' in tax jargon not just the employer and not just the most responsible person." *Wright v. United States*, 809 F.2d 425 (7th Cir. 1987) quoting *Howard v. United States*, 711 F.2d 729, 737 (5th Cir.1983). The Court thus finds that the Bankruptcy Court's conclusions of law finding that Charlton was a responsible person who willfully failed to pay over trust fund employment taxes and

is therefore liable for all unpaid trust fund employment taxes attributable to the five restaurants until November 15, 1979, is the correct decision. The Court further affirms the Bankruptcy Judge's conclusion that Charlton was the responsible person for the two Milwaukee restaurants from November 15, 1979 and thereafter. The Court further affirms the Bankruptcy Judge's conclusion that the failure to pay over trust fund employment taxes, as to the five restaurants until November 15, 1979, and as to the Milwaukee restaurants from November 15, 1979 was a willful act. Accordingly,

IT IS ORDERED that the Order of the Bankruptcy Court be and hereby IS AFFIRMED.

Done and Ordered.