**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DENNIS J. COOK, <br><br> Debtor, <br><br> ——————————— <br><br> WENETA M.A. KOSMALA, Chapter 11 Trustee, Chapter 7 Trustee of the Estate of Dennis James Cook, <br><br> Appellant, <br><br> v. <br><br> DENNIS JAMES COOK; DONALD D. COOK, Jr., Successor Trustee of the Donald D. Cook and Nancy A Cook Revocable Trust, <br><br> Appellees. | No. 08-60053 <br><br> BAP No. CC-08-01091-HMoD <br><br> MEMORANDUM * |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Hollowell, Montali, and Dunn, Bankruptcy Judges, Presiding

——————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 4, 2010[]
Pasadena, California

Before:  CANBY, GOULD and IKUTA, Circuit Judges.

Because property devised to an inter vivos trust from a will "is not deemed to be held under a testamentary trust of the testator but becomes a part of the trust to which it is given," Cal. Prob. Code § 6300, the real property at issue here became a part of the inter vivos trust to which it was devised.  We have held that "'income distributions derived from an intervivos trust do not fit within' the definition of § 541(a)(5)(A) and therefore escape 'the pale of the 180 day dragnet.'"  *Neuton v. Danning* (*In re Neuton*), 922 F.2d 1379, 1384 n.6 (9th Cir. 1990) (quoting *Newman v. Magill*, 99 B.R. 881, 884–85 (C.D. Ill. 1989)).  Therefore, the Debtor's interest in the inter vivos trust assets is not property of the bankruptcy estate.

**AFFIRMED.**

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).