**In the Matter of John D. STRASMA and Judith Feaster Strasma, Debtors.**

**Bankruptcy No. MM13–82–01550.**

United States Bankruptcy Court,
W.D. Wisconsin.

Jan. 10, 1983.

Robert W. Kuehling, Kuehling & Kuehling, Madison, Wis., for debtors.

William Chatterton, Ross & Chatterton, Madison, Wis., trustee.

Michael Kepler, Paskin & Kepler, Madison, Wis., for creditor Marine Bank.

John Center, Murphy, Stolper, Brewster & Desmond, S.C., Madison, Wis., for creditor United Bank.

Shelly Gaylord, Madison, Wis., for Mrs. Strasma.

## DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Debtors John D. and Judith Feaster Strasma filed their joint chapter 13 petition on September 3, 1982. The original plan was amended on October 12, 1982. On November 1, 1982, this court heard objections to confirmation of the plan, and confirmation was denied. On January 4, 1983 this court heard objections to the debtors' second amended plan.

■ John D. Strasma has a contingent interest in a family trust. There is apparently no dispute that the trust includes an enforceable spendthrift clause. Debtor relies on 11 U.S.C. § 541(c)(2) which provides that an otherwise enforceable restriction on transfer of a debtor's beneficial interest in a trust is enforceable in bankruptcy. The trustee contends that notwithstanding the restrictions on transfer, the debtor's contingent right to receive proceeds of the trust is an asset with some value to the debtor. That interest is included within the property of the estate.

■ Debtor also has an interest in a University of Wisconsin Retirement Pension. Although the pension includes restrictions on transfer, debtor may not rely on such restrictions to come within 11 U.S.C. § 541(c)(2). In *In Re Threewitt*, 20 B.R. 434 (Bkrtcy.D.Kan.1982) the court noted that 11 U.S.C. § 541(c)(1) invalidated restrictions on transfer, that 541(c)(2) applied only to traditional spendthrift trusts, and that an ERISA fund was not a spendthrift trust. *See also In Re Graham*, 24 B.R. 305 (Bkrtcy.D.Iowa 1982). Similarly, debtor's Keogh Plan must be included as property of the estate, notwithstanding restrictions on transfer. *In Re Baviello*, 12 B.R. 412 (Bkrtcy.E.D.N.Y.1981).

Under the second amended plan, debtor John D. Strasma seeks to switch from the federal to state exemptions. If he is able to take the state exemptions, he may then exempt his interest in the Retirement Pension and Keogh Plan.

■ This court has articulated a 4-part test to decide whether debtors will be permitted to switch their exemptions:

1. Will an adverse party's rights be prejudiced if an amendment is allowed? This question is important both because the equitable issue of fairness is involved and because evidence of cynical motives and not originally claiming the disputed property as exempt might be revealed.

2. Will not allowing the amendment cause undue hardship to the debtor who has acted in good faith? This must be considered because not allowing an exemption could thwart a deserved fresh start.

3. Is there a reasonable excuse for not claiming the exemption on the original schedule?

4. Is there a reasonable excuse for any delay in seeking the amendment?

See In Re Bessel, 18 B.R. 320, 322–323, 8 B.C.D. 1155, 1156–57 (Bkrtcy.W.D.Wis. 1982). The first two factors are the most important. 18 B.R. at 323.

In the present case, creditors claim to have relied on the original selection of federal exemptions, and creditors will receive less if the amendment is allowed. Second, debtor is employed and not near retirement, so denial of the exemption for the accounts will not cause him undue hardship. Third, no excuse is offered for failure to claim the state exemptions. The fourth factor is inapplicable, since there has been no delay in seeking the amendment. Consideration of these factors suggests that amendment should not be allowed in the present case.

Under the federal scheme, neither the interest in the family trust, nor the pension, nor the Keogh fund may be exempted. Each of these assets would be available for the benefit of creditors in a chapter 7 case, but the plan has not taken them into consideration. Therefore creditors are not receiving as much under this chapter 13 plan as they would under chapter 7, and the plan is not confirmable. 11 U.S.C. § 1325(a)(4).

An original plan and two amendments which apparently sought to provide creditors with the minimum amount which would meet objections have been filed with this court and reviewed. The repeated effort to offer the creditors as little as possible, in the last amendment a sum less than 10% of the debts listed, provides evidence that the debtor John Strasma is proceeding without the good faith required for confirmation of a plan under 11 U.S.C. § 1325(a)(3). In Re Rimgale, 669 F.2d 426 (7th Cir.1982). No additional time should be given for further proposals or modifications. This case should be dismissed pursuant to 11 U.S.C. § 1307(c)(4).

Having considered debtors' chapter 13 plan filed on September 3, 1982, as amended on October 12, 1982, and further amended on November 10, 1982, and it having determined that the debtors' second amended plan was not proposed in good faith and would distribute to creditors less than the amount that would be paid if the estate of the debtors were liquidated under chapter 7 of title 11 U.S.C.

IT IS HEREBY ORDERED that confirmation of the debtors' plan is denied.

IT IS FURTHER ORDERED that this case be and hereby is dismissed.