In re Robert E. **HANNEGAN,**
Jr., Debtor.

Leslie A. **DAVIS, Trustee in Bankruptcy for the Estate of Robert E. Hannegan, Jr., Plaintiff,**

v.

Robert E. **HANNEGAN, Jr., Irma P. Hannegan, as Trustee for Robert E. Hannegan, Jr., under the Trust created under the Last Will and Testament of Robert E. Hannegan, and Mercantile Trust Company, as Trustee for Robert E.**

---

Hannegan, Jr., under the Trust created under the Last Will and Testament of Robert E. Hannegan, and The Unknown and Unborn, Beneficiaries, Heirs, Grantees, or Successors of Robert E. Hannegan, Defendants.

Bankruptcy No. 89–42666–293.
Adv. No. 91–4180.

United States Bankruptcy Court,
E.D. Missouri, E.D.

May 12, 1993.

See also 155 B.R. 205.

Scott A. Greenberg, Clayton, MO, for plaintiff.

Norman W. Pressman, St. Louis, MO, for debtor.

John A. Klobasa, St. Louis, MO, for Mercantile Trust.

Leonard L. Denk, St. Louis, MO, for Irma P. Hannegan.

Office of the United States Trustee, St. Louis, MO.

### MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (E), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

(1) The Debtor, Robert Hannegan, Jr., filed a petition seeking the protection of Chapter 7 of the Bankruptcy Code.

(2) Leslie A. Davis, the trustee appointed to represent the creditors of the Debtor's estate, filed this adversary complaint seeking, first, a declaratory judgement declaring the Debtor's interest in a trust created by his father's will to be property of the bankruptcy estate and second, a turnover of the Debtor's interest in the trust created by his father's will and leave to later join other heirs, grantees or successors of Robert E. Hannegan who may be necessary parties.

(3) Mr. Hannegan filed a motion for summary judgement in which he asserted that his father's will created a valid spend-thrift trust; that Missouri law recognizes and gives effect to spendthrift provisions like the one in the trust created by his father's will; and that section 541(c)(2) of the Bankruptcy Code excludes from inclusion in the bankruptcy estate a debtor's interest that enjoys spendthrift protection at state law, entitling him to summary judgement.

(4) The co-trustees of the trust created by the Debtor's father's will, Irma P. Hannegan, the Debtor's mother, and Mercantile Trust Company, each filed a motion, supported by a brief, to dismiss the trustee's complaint. Both Mrs. Hannegan and Mercantile maintained that the spendthrift provisions of his father's will protected the Debtor's contingent remainder from his creditors' claims.

(5) The trustee filed Suggestions in Opposition to Robert E. Hannegan, Jr.'s Motion for Summary Judgement and Memorandum in Support of Trustee's Motion for Summary Judgement setting forth his position.

## FACTUAL BACKGROUND

After considering the record the Court makes the following findings of fact:

(1) The Last Will and Testament (Will)[1] of Robert Hannegan Sr., the Debtor's father, created a spendthrift trust of the residue of his estate. Item Four of that document named Irma P. Hannegan and the Mercantile–Commerce Bank and Trust Company as joint trustees of the trust and gave them broad powers to manage and invest the property subject to the trust. The Will directed the trustees to pay Irma P. Hannegan the income generated by the trust property for the duration of her life. Further, the Will instructed the surviving trustee, upon Mrs. Hannegan's death, to divide the trust property into shares as follows "one share for each of my children then living, and one share, collectively, for the living descendants, per stirpes, of each such deceased child of mine." [Will Item Four (3)].

Mr. Hannegan's Will then directed the surviving trustee to create separate and distinct trusts (secondary trusts) of the funds representing each child's share of the original residual trust. These trusts were to support and maintain Mr. Hannegan's children until they were twenty-one years of age at which time the trustee would pay the child-beneficiary of the trust any income, previously generated, which had exceeded the child's maintenance and educational expenses. Each of Mr. Hannegan's sons received the entire income generated by his secondary trust from the date on which he turned twenty-one until he turned thirty years old. When one of Mr. Hannegan's sons turned thirty, he would receive half of the corpus of his secondary trust free of trust. From the time each Hannegan son turned thirty until he turned thirty-five, he would receive the income generated by the half of his secondary trust not released to him at age thirty. The Will ordered the trustee to release the second half of each secondary trust to the son-beneficiary of the trust when he turned thirty-five years old at which time the trust would terminate.

(2) The Will contained a spendthrift clause (Item Seven) which sought to protect each beneficiary's inheritance from his or her creditors until it was "actually paid over and delivered" to the beneficiary.

(3) The Will gave the co-trustees the ability to encroach upon the corpus of the residual trust created under the Will to provide Irma P. Hannegan with the funds

---

1. The Last Will and Testament of Robert E. Hannegan is attached to this opinion as Exhibit

A. [Editor's Note: Copy illegible, not included for publication.]

necessary to support her or to maintain, educate and support Mr. Hannegan's children. The Will also vested the surviving trustee with the power to encroach upon the corpus of any secondary trust when necessary to support, maintain or educate the beneficiary of that trust.

(4) When Robert Hannegan, Jr. filed his bankruptcy petition, he was older than thirty-five years of age. At that time, Mrs. Irma P. Hannegan was alive.

## DISCUSSION

The parties agree that the Debtor has a contingent remainder in the trust created by his father's Will and that Missouri courts recognize contingent remainders as valuable interests. Section 541(a)(1) of the Bankruptcy Code defines the property of the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." The Debtor maintains that his contingent remainder is an interest in a spendthrift trust which Missouri courts insulate from creditors' claims and that section 541(c)(2) of the Bankruptcy Code therefore excludes this interest from inclusion in his bankruptcy estate. The Debtor has asked the Court for a summary judgement of this adversary complaint.

The trustee in bankruptcy has made three arguments to support his opposition to the Debtor's Motion for Summary Judgement. First, trustee Davis asserts that the trust's spendthrift protection lasted only until the Debtor turned thirty-five years old. The trustee bases his argument upon the Missouri Court of Appeals' *Gentemann v. Dyer*, 140 S.W.2d 75 (Mo.Ct. App.1940), decision.

The *Gentemann* case involved a trust created by a deed. *Id.* at 77. The deed at issue in *Gentemann* allowed the beneficiary of the trust to occupy the land subject to the trust but explicitly "barred [him] from making, either directly or indirectly, any sale, mortgage, assignment, relinquishment, deed of trust, or other disposition of any part, portion, or all of his interest granted to him by this deed ..." *Id.* The beneficiary of the trust created by the deed ultimately occupied the property subject to the trust. 140 S.W.2d at 78. The sheriff levied upon the beneficiary's interest in the property and purported to sell that interest to plaintiff, Gentemann. *Id.*

Gentemann sued the trust beneficiary in ejectment and for determination of title. *Id.* at 76. The plaintiff dismissed his suit to determine title and the trial court ruled for the defendant on the ejectment count of the complaint. *Id.* The Missouri Court of Appeals began its discussion of Gentemann's appeal by noting that "[a] spendthrift trust is one created for the support and maintenance of the beneficiary, and designed and intended by its creator to secure the trust fund or trust estate against the improvidence or incapacity of the beneficiary by protecting the same against his creditors and rendering it inalienable by him before payment or termination according to the terms and conditions of the trust. *Id.* (cites omitted). The Court of Appeals then noted that the conveyor's intent to create a spendthrift trust was clear from the terms of the deed which denied the beneficiary the power to alienate or dispose of his interest and imposed significant duties upon the trustee. *Id.* Before discussing the effect of the beneficiary's possession of the land, the Missouri Court of Appeals concluded that if the beneficiary had not occupied the land there "would be little occasion for controversy about the [spendthrift] character of the trust." 140 S.W.2d at 78.

The trustee urges this court, in light of the approach taken in the *Gentemann* case, to look to Robert Hannegan's intent in creating the spendthrift trust of the residue of his estate when we define the extent of the protection the spendthrift clause in the Will affords Debtor's contingent remainder created by that instrument. Mr. Davis maintains that Robert Hannegan only intended for the spendthrift clause to protect the interests the Will created for his sons until they reached thirty-five years of age. The trustee points to the Will's payment schedule as evidence of this intent.

The trustee may correctly discern that under the payment schedule contained

in the Will, Robert Hannegan sought to protect his sons' interests from their creditors only until they turned thirty-five years old, however, the trustee simultaneously ignores the express terms of the spendthrift clause that extend spendthrift protection to the interests created under the Will until the trustee "actually pa[ys] over and deliver[s]" those interests to the beneficiaries. The surviving trustee cannot divide and pay over the shares due Mr. Hannegan's beneficiaries until Mrs. Hannegan dies. Hence, the spendthrift protection, by the Will's terms, lasts at least until Mrs. Hannegan dies, regardless of how old the beneficiaries might be. The plain language of a will is the best interpreter of that instrument. *Cox v. Jones*, 229 Mo. 53, 129 S.W. 495 (1910). The spendthrift protection created by the seventh item of Robert Hannegan, Sr.'s will expressly continues at least until his widow dies, regardless of how old the beneficiaries of the interests protected by the spendthrift clause might be. Debtor's contingent remainder in the spendthrift trust created by his father's Will continues to enjoy the protection of the spendthrift clause. The parties agree that such trusts are recognized by Missouri law but the Court notes that the spendthrift trust created by the Will meets the requirements of Missouri Revised Code section 546.080 and so qualifies as a spendthrift trust under Missouri law. Section 541(c)(2) of the Bankruptcy Code excludes Debtor's contingent remainder from inclusion in his bankruptcy estate.

Second, the trustee directs the Court to *In re Strasma*, 26 B.R. 449 (Bankr. W.D.Wisc.1983), and argues that this case and the general bankruptcy "policy of enlarging the estate to maximum extent permitted by the Code." [Plaintiff's Sugg. In Opp. at 12] (citing *In re Swanson*, 873 F.2d 1121, 1124 (8th Cir.1989)), justify including the Debtor's contingent remainder created by the Will among the property of the his bankruptcy estate. The *Strasma* court allowed the trustee to include the debtor's "contingent interest in a family trust" in the property of the estate even though "the trust include[d] an enforceable spendthrift clause." 26 B.R. at 450. The *Strasma*

court did not describe or include the spendthrift language in its opinion. This Court does not know if the spendthrift clause in that case purported to protect the debtor's contingent interest from the claims of his creditors or if the spendthrift clause protected only the interests of others in the trust in which the debtor held a contingent interest. Either way, the Court is not persuaded by the *Strasma* court's holding which that court reached with minimal discussion. As the Court stated above, Mr. Hannegan holds a contingent remainder in the trust created by his father's Will. The courts of Missouri will enforce the Will's spendthrift provisions and so section 541(c)(2) of the Bankruptcy Code excludes the Debtor's contingent remainder from inclusion in his bankruptcy estate.

 In the course of his second argument, the trustee cites *Moffat v. Lynch*, 642 S.W.2d 624 (Mo.1982) (en banc), for the proposition that the settlor of a spendthrift trust does not have a "legitimate expectation that a beneficiary will not contract prior to receipt of his interest in the spendthrift trust, regarding the manner in which he will dispose of his trust interest following receipt of his interest." [Plaintiff's Sugg. In Opp. at 13]. The trustee reasons that if the Debtor has the power to enter a contract specifying how he will dispose of his interest in a spendthrift trust then that interest should be included among the property of the Debtor's bankruptcy estate. A closer reading of the *Moffat* case reveals that while the Missouri Supreme Court upheld an agreement among the beneficiaries of a spendthrift trust regarding how they would divide the funds they received in the event of one or more of the beneficiaries' deaths, the Court did not hold that the beneficiaries could assign their interests in the trust in contravention of the trust's spendthrift provision. 642 S.W.2d at 627. Instead, the high court held that the beneficiaries of a spendthrift trust enjoyed the power to contract regarding what they would do with the funds they might receive from the trust but that the promisee gained "no right in specific trust property." *Id.* (quoting *Kelly v. Kelly*, 11 Cal.2d 356,

79 P.2d 1059, 1063–64 (1938)). The Court further held that, upon breach of the beneficiary's promise, the promisee could sue the beneficiary for breaching the contract but could only enforce the judgement won against the breaching party's non-exempt property. *Id.* This Court does not believe that the Debtor's ability to contract with others regarding how he will dispose of the property now held in trust after he receives it changes the fact that the property is currently protected from creditor by enforceable spendthrift provisions which section 541(c)(2), in effect, enforces in bankruptcy.

█ Third, the trustee argues that summary judgement is improper in this case because a factual issue exists of whether the Debtor has dominion and control over the trust. Missouri courts will not recognize a spendthrift trust when the beneficiary of the trust has "dominion or control over the trust." *In re Davis*, 125 B.R. 242, 245 (Bankr.W.D.Mo.1991).

█ The trustee contends that a factual issue exists whether Mr. Hannegan has dominion or control over the trust in which he holds a contingent remainder. The trustee points to the fact that Debtor attempted to pledge his interest in the trust as proof that he exercised dominion and control over the trust. The trustee, however, confuses the issue. The issue is not whether the trust beneficiary has tried to exercise dominion and control over the trust proceeds but, rather, whether under the terms of the trust he has the power to exercise dominion or control over the trust. Robert Hannegan, Sr.'s Will, which created the spendthrift trust in which the Debtor holds a contingent remainder, named Irma P. Hannegan and Mercantile–Commerce Bank and Trust Company as co-trustees of the trust. The Will reserves all power over the trust to the named trustees and does not afford the beneficiaries any opportunity to control the trust. In fact, the Will specifically denies Robert Hannegan, Jr. and the other beneficiaries the "power to

sell, assign, convey, mortgage, pledge, anticipate or hypothecate, or otherwise dispose of any right, title or interest which any of them may acquire in and to the income or principal of the trust . . ." [Will Item Seven].[2] The terms of the Will are clear and no factual issue exists regarding the Debtor's dominion or control of the funds held in the spendthrift trust that the Will created.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

For the reasons set forth in the memorandum opinion filed this date, IT IS ORDERED that:

(1) the Trustee's Motion for a Declaratory Judgment that the Debtor's contingent remainder in the property subject to the trust created by the Last Will and Testament of Robert E. Hannegan, Sr. **IS DENIED;**

(2) the Trustee's Motion for Turnover of the Debtor's interest in the trust created by Robert E. Hannegan, Sr.'s Last Will and Testament **IS DENIED;**

(3) the Trustee's Motion for Leave to Join other heirs, grantees or successors of Robert E. Hannegan, who may be necessary parties **IS DENIED;**

(4) the Trustee's Motion for Summary Judgement **IS DENIED;**

(5) Irma P. Hannegan's Motion to Dismiss the Trustee's Complaint for Declaratory Judgement and for Turnover **IS GRANTED;**

(6) Mercantile Trust Company's motion to dismiss the Trustee's Complaint for Declaratory Judgement and for Turnover **IS GRANTED;**

(7) Mercantile Trust Company's request for assignment of costs against the Trustee **IS DENIED,** the parties to this action shall bear their own costs;

---

**2.** The Court does not decide the validity of the security agreement Debtor executed in favor of William Bidwell submitted as Exhibit A to the

trustee's Suggestions in Opposition to Robert Hannegan, Jr.'s Motion for Summary Judgment.

(8) Debtor's Motion for Summary Judgement **IS GRANTED.**